Case 1:23-cr-00016-JLT-SKO   Document 1   Filed 01/27/23   Page 1 of 13

FILED
Jan 27, 2023
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

FILED
Apr 14, 2022
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

PHILLIP A. TALBERT
United States Attorney
JOSEPH D. BARTON
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

**1:23-CR-00016 JLT-SKO**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DENNIS FALASCHI,<br><br>Defendant. | CASE NO.   1:22-cr-00103 JLT-SKO<br><br>18 U.S.C. § 371 – Conspiracy (One Count); 18 U.S.C. § 641 – Theft of Government Property (One Count); 26 U.S.C. § 7206(1) – Filing a False Tax Return (Three Counts); 18 U.S.C. § 981(a)(1)(C), 26 U.S.C. § 7301, and 28 U.S.C. § 2461(c) – Criminal Forfeiture |

I N D I C T M E N T

COUNT ONE: [18 U.S.C. § 371 – Conspiracy]

The Grand Jury charges:

DENNIS FALASCHI,

defendant herein, as follows:

**I.   INTRODUCTION**

1.   At all relevant times, the defendant, DENNIS FALASCHI, resided and worked in and around Fresno and Merced Counties, in the State and Eastern District of California, as the General Manager for PUBLIC WATER DISTRICT 1 ("PWD").

2.   PWD was located in portions of both Fresno and Merced Counties near the communities of Dos Palos, Firebaugh, and Los Banos, in the State and Eastern District of California. It was a state special district established to provide water to over 38,000 acres of farmland. Special districts are local

government entities formed to carry out single functions within certain areas such as delivering water to farmers in the area served by PWD. As PWD's General Manager, defendant FALASCHI oversaw and managed PWD's operations at all times relevant to this indictment.

3. The Bureau of Reclamation was an agency of the United States Department of Interior responsible for managing the distribution of water and power in the western part of the United States, including the State and Eastern District of California.

## II. BACKGROUND ON PWD AND THE DELTA-MENDOTA CANAL

4. PWD obtained water in various ways, including by purchasing water from the federal government and recycling or reclaiming runoff drainage water from farms.

5. The federal water that PWD purchased came from the Bureau of Reclamation's Central Valley Project. The Central Valley Project takes water from various sources and pumps that water south for delivery through the Delta-Mendota Canal ("DMC") to PWD and other water districts.

6. The DMC is a federally-managed canal that is operated by the Bureau of Reclamation and holds federally-owned water. The canal was built in the 1950s and is approximately 117 miles long. It runs through Alameda, San Joaquin, Stanislaus, Merced, and Fresno Counties, in the State and Northern and Eastern Districts of California. Nearly 2,000,000 acre feet of water passes through it each year. An acre foot is the amount of water that is needed to cover one acre of land to a depth of one foot and it is the standard unit of measurement for the water industry.

7. The federal water that PWD purchased was usually delivered from the DMC to PWD through metered sites that counted the number of acre feet. PWD paid the Bureau of Reclamation a set price for each acre foot that it received based on its contracts with the agency.

8. After receiving the federal water, PWD generally combined that water with its other water sources and moved the water around the district through a series of smaller canals, pipelines, pump stations, and other facilities that it operated. PWD then either sold the water to its customers at a markup or pumped excess water back into the DMC for federal water credits that it could use at a later date. PWD generally did not store water because it had minimal capacity to do so.

///

///

## II. THE CONSPIRACY

9. Beginning on a date unknown to the Grand Jury, but not later than in or around 1992, and continuing until on or about April 30, 2015, in the State and Eastern District of California, and elsewhere, defendant FALASCHI and others known and unknown to the Grand Jury, including PWD EMPLOYEES 1 through 8, did knowingly and intentionally conspire with each other to commit theft of government property in violation of Title 18, United States Code, Section 641.

## III. THE OBJECT OF THE CONSPIRACY

10. The object of the conspiracy was to: steal, purloin, and convert to their own and PWD's use federal water from the DMC that belonged to the Bureau of Reclamation so as to increase the overall amount of water that PWD had available to sell to its customers and to pump back into the DMC for credits; receive, conceal, and retain that water with the intent to convert it to their own and PWD's use and gain knowing it to have been stolen, purloined, and converted; and sell, convey, and dispose of that water.

## IV. MANNER AND MEANS OF THE CONSPIRACY

11. In furtherance of the conspiracy, defendant FALASCHI and his co-conspirators employed the following manner and means, among others:

12. In or around 1992, defendant FALASCHI was informed by EMPLOYEE 1 that an old drain turnout near milepost markers 94.57 and 94.58 on the DMC, in the State and Eastern District of California, was leaking water from the DMC into a parallel canal that PWD controlled. Specifically, the drain was connected to a standpipe on the bank of the DMC. Standpipes are structures that use gates and valves to redirect water from one source to another source. The gate inside the standpipe that controlled the water flow between the DMC and PWD's canal had been cemented closed years earlier when the drain was abandoned. The cement had cracked and water was coming through it. The site was referred to as a "Lift" and was named after INDIVIDUAL 1 because it was adjacent to a farm owned by INDIVIDUAL 1's family.

13. In or around 1992, defendant FALASCHI instructed EMPLOYEE 2 to install a new gate inside the standpipe so that the Lift could be opened and closed on demand. He later instructed EMPLOYEE 2 to install a lid with a lock on top of the standpipe and an approximate two-foot elbow

pipe off the valve of the standpipe that angled down 90 degrees into PWD's canal. The lid concealed the theft because it prevented people from seeing that the gate inside the standpipe was functional. The elbow pipe further concealed and expedited the theft because it enclosed the water flow from the DMC into PWD's canal and was installed in such a way that it was generally submerged under the water. The following pictures show the drain turnout on the DMC, the lid on the standpipe, and the elbow pipe that angled down into PWD's canal (visible because of low water conditions caused by drought):





14. Thereafter, from in or around 1992, and continuing until on or about April 30, 2015, when the Lift was discovered by authorities, defendant FALASCHI repeatedly instructed his employees, including EMPLOYEES 1 through 7, to use the Lift to steal water from the DMC. At times, he instructed the employees to commit the theft after normal business hours to avoid detection. The stolen water was unmetered and travelled down PWD's canal to a pump station where it was lifted into the district's broader canal system. It was then combined with PWD's other water sources and either sold to customers or pumped back into the DMC for credits.

15. Defendant FALASCHI also instructed his employees, including EMPLOYEES 1, 3, and 8, to: include the stolen water volume in daily reports of deliveries to PWD's customers that they submitted to the district's accounting department so that the district could bill the customers and be paid

for the water; and to further misclassify the water as reclaimed runoff drainage water from farms in monthly reports presented to PWD's Board of Directors to account for the district's water supply.

16. In furtherance of the conspiracy, defendant FALASCHI and his co-conspirators caused over 130,000 acre feet of federal water to be stolen from the DMC through the Lift. The total value of that stolen water exceeded $25,000,000.

17. Defendant FALASCHI used the proceeds from the theft for his own benefit and the benefit of his co-conspirators, none of whom were entitled to such proceeds. In furtherance of the conspiracy, defendant FALASCHI used the proceeds from the theft to pay himself and other co-conspirators exorbitant salaries, fringe benefits, and personal expense reimbursements, including for the purpose of incentivizing the co-conspirators to participate in and continue with the conspiracy.

V. **OVERT ACTS IN FURTHERANCE OF THE CONSPIRACY**

18. In furtherance of the conspiracy, and to accomplish its object, defendant FALASCHI and his co-conspirators committed the following overt acts, among others:

19. In or around March 2015, defendant FALASCHI directed EMPLOYEE 3 to have EMPLOYEE 2 use the Lift to steal water from the DMC.

20. In or around March 2015, at defendant FALASCHI's direction, EMPLOYEE 3 asked EMPLOYEE 2 to use the Lift to steal water from the DMC.

21. In or around March 2015, EMPLOYEE 2 used the Lift to steal water from the DMC by opening the gate inside the standpipe and allowing water to flow from the DMC into PWD's canal.

22. In or around March 2015, at defendant FALASCHI's direction, EMPLOYEE 3 delivered stolen water from the DMC to customers and recorded the volume of that water in daily reports of deliveries that he submitted to PWD's accounting department.

23. In or around March 2015, at defendant FALASCHI's direction, EMPLOYEE 8 misclassified stolen water from the DMC as recycled or reclaimed runoff drainage water from farms in a monthly report that was submitted to PWD's Board of Directors.

24. In or around March 2015, defendant FALASCHI caused PWD to make a monthly payment of approximately $300 plus the cost of health benefits to EMPLOYEE 1, who had retired, so that EMPLOYEE 1 would continue with the conspiracy.

25. In or around April 2015, defendant FALASCHI directed EMPLOYEE 3 to have EMPLOYEE 2 use the Lift to steal water from the DMC.

26. In or around April 2015, at defendant FALASCHI's direction, EMPLOYEE 3 asked EMPLOYEE 2 to use the Lift to steal water from the DMC.

27. In or around April 2015, EMPLOYEE 2 used the Lift to steal water from the DMC by opening the gate inside the standpipe and allowing water to flow from the DMC into PWD's canal.

28. In or around April 2015, at defendant FALASCHI's direction, EMPLOYEE 3 delivered stolen water from the DMC to customers and recorded the volume of that water in daily reports of deliveries that he submitted to PWD's accounting department.

29. In or around April 2015, at defendant FALASCHI's direction, EMPLOYEE 8 misclassified stolen water from the DMC as recycled or reclaimed runoff drainage water from farms in a monthly report that was submitted to PWD's Board of Directors.

30. In or around April 2015, defendant FALASCHI caused PWD to make a monthly payment of approximately $300 plus the cost of health benefits to EMPLOYEE 1, who had retired, so that EMPLOYEE 1 would continue with the conspiracy.

All in violation of Title 18, United States Code, Section 371.

COUNT TWO: [18 U.S.C. § 641 – Theft of Government Property]

The Grand Jury further charges:

DENNIS FALASCHI,

defendant herein, as follows:

31. Paragraphs 1 through 8 and 11 through 30 are incorporated by reference as though fully set forth herein.

32. Between on or about March 1, 2015, and April 30, 2015, in the State and Eastern District of California, defendant FALASCHI did knowingly: steal, purloin, and convert to his own use and the use of another property, of a value exceeding $1,000, belonging to the Bureau of Reclamation, an agency of the United States Department of Interior, to wit: water from the DMC; received, concealed, and retained that property with the intent to convert it to his own and others' use and gain knowing it to have been stolen, purloined, and converted; and sold, conveyed, and disposed of that property, all with

INDICTMENT    6

the intention of depriving the Bureau of Reclamation of the use and benefit of that property.

All in violation of Title 18, United States Code, Section 641.

COUNT THREE: [26 U.S.C. § 7206(1) – Filing a False Tax Return]

The Grand Jury further charges:

DENNIS FALASCHI,

defendant herein, as follows:

33. Paragraphs 1 and 2 are incorporated by reference as though fully set forth herein.

34. At all relevant times, the Internal Revenue Service ("IRS") was an agency of the United States Department of Treasury responsible for administering the tax laws of the United States.

35. The San Joaquin River Improvement Project ("SJRIP") was a joint federal and state funded program to reduce the amount of salt-contaminated drainage water from farms that was discharged into the San Joaquin River, in the State and Eastern District of California. It did so by paying for salt-tolerant crops to be grown on the farms. These crops were intended to filter the salt out of the drainage water before it went into the San Joaquin River. The crops were then sold and the proceeds were re-invested into the project minus various project-related fees. The SJRIP was managed by PWD on farmland owned by PWD.

36. From in or around 2011, and continuing until in or around 2016, defendant FALASCHI received, as income, payments from INDIVIDUAL 2, who was a PWD contractor that provided farming services for the SJRIP.

37. Defendant FALASCHI also obtained income from private water sales involving INDIVIDUALS 2 and 3. INDIVIDUAL 3 was the general manager of another public water district in California. In an attempt to conceal and forestall the discovery of defendant FALASCHI's involvement in such private water sales, defendant FALASCHI caused INDIVIDUAL 2 to act publicly as the purported seller in the private water sales. From in or around 2013, and continuing until in or around 2016, defendant FALASCHI and INDIVIDUALS 2 and 3 sold approximately $1,985,300 of water in such private water sales and split the proceeds with each other.

38. On or about April 14, 2015, in Merced County, in the State and Eastern District of California, defendant FALASCHI did willfully make and subscribe a false IRS Form 1040, Individual

Income Tax Return, for the tax year 2014 that was verified by a written declaration made under the penalties of perjury and that he did not believe to be true and correct as to every material matter. The tax return was filed with the IRS. In that tax return, defendant FALASCHI did not report as income $330,802 that he received as income in 2014 from his deals with INDIVIDUALS 2 and 3. He falsely reported his gross income was only $220,575, whereas in truth and in fact, it was well in excess of that amount.

All in violation of Title 26, United States Code, Section 7206(1).

COUNT FOUR: [26 U.S.C. § 7206(1) – Filing a False Tax Return]

The Grand Jury further charges:

DENNIS FALASCHI,

defendant herein, as follows:

39. Paragraphs 1 and 2 and 34 through 37 are incorporated by reference as though fully set forth herein.

40. On or about March 15, 2016, in Merced County, in the State and Eastern District of California, defendant FALASCHI did willfully make and subscribe a false IRS Form 1040, Individual Income Tax Return, for the tax year 2015 that was verified by a written declaration made under the penalties of perjury and that he did not believe to be true and correct as to every material matter. The tax return was filed with the IRS. In that tax return, defendant FALASCHI did not report as income $403,770 that he received as income in 2015 from his deals with INDIVIDUALS 2 and 3. He falsely reported his gross income was only $201,741, whereas in truth and in fact, he knew that it was well in excess of that amount.

All in violation of Title 26, United States Code, Section 7206(1).

COUNT FIVE: [26 U.S.C. § 7206(1) – Filing a False Tax Return]

The Grand Jury further charges:

DENNIS FALASCHI,

defendant herein, as follows:

41. Paragraphs 1 and 2 and 34 through 37 are incorporated by reference as though fully set forth herein.

42. On or about April 17, 2017, in Merced County, in the State and Eastern District of California, defendant FALASCHI did willfully make and subscribe a false IRS Form 1040, Individual Income Tax Return, for the tax year 2016 that was verified by a written declaration made under the penalties of perjury and that he did not believe to be true and correct as to every material matter. The tax return was filed with the IRS. In that tax return, defendant FALASCHI did not report as income $153,280 that he received as income in 2016 from his deals with INDIVIDUALS 2 and 3. He falsely reported his gross income was only $745,736, whereas in truth and in fact, he knew that it was well in excess of that amount.

All in violation of Title 26, United States Code, Section 7206(1).

FORFEITURE ALLEGATION:   [18 U.S.C. § 981(a)(1)(C), 26 U.S.C. § 7301, and 28 U.S.C. § 2461(c)]

1. Upon conviction of one or more of the offenses alleged in Counts One and Two of this Indictment, defendant FALASCHI shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), all property, real and personal, which constitutes or is derived from proceeds traceable to such violations, including but not limited to: A sum of money equal to the amount of proceeds traceable to such offenses, for which defendant is convicted.

2. Upon conviction of one or more of the offenses alleged in Counts Three through Five of this Indictment, defendant FALASCHI shall forfeit to the United States, pursuant to 26 U.S.C. § 7301 and 28 U.S.C. § 2461(c), any property on which any tax is imposed for the purpose of being sold or removed by defendant in fraud of the internal revenue laws, or with design to avoid payment of such tax, or which is removed, deposited, or concealed, with intent to defraud the United States of such tax or any part thereof.

3. If any property subject to forfeiture, as a result of offenses alleged in Counts One through Five of this Indictment, for which defendant is convicted:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 28 U.S.C. § 2461(c), incorporating 21 U.S.C. § 853(p), to seek forfeiture of any other property of defendant, up to the value of the property subject to forfeiture.

A TRUE BILL.

/s/ Signature on file w/AUSA
_____
FOREPERSON

PHILLIP A. TALBERT
United States Attorney

**KIRK E. SHERRIFF**
_____
KIRK E. SHERRIFF
Assistant United States Attorney,
Chief, Fresno Office

No. _____

# UNITED STATES DISTRICT COURT

*Eastern District of California*

*Criminal Division*

FILED
Apr 14, 2022
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

THE UNITED STATES OF AMERICA

vs.

DENNIS FALASCHI          1:22-cr-00103 JLT-SKO

## INDICTMENT

VIOLATION(S): 18 U.S.C. § 371 – Conspiracy (One Count); 18 U.S.C. § 641 – Theft of Government Property (One Count); 26 U.S.C. § 7206(1) – Filing a False Tax Return (Three Counts); 18 U.S.C. § 981(a)(1)(C), 26 U.S.C. § 7301, and 28 U.S.C. § 2461(c) – Criminal Forfeiture

*A true bill,*

/S/
*Foreman.*

*Filed in open court this* _____ *day*

*of* _____, *A.D. 20* _____

_____
*Clerk.*

*Bail, $* \_\_ PLEASE ISSUE NO BAIL WARRANT \_\_

GPO 863 525

AO 257 (Rev. 9/92)

| ☐ YES: SAB conflict in USAO (before 01/01/13) | ☐ YES: SKO conflict in USAO (Before 4/12/10) | PER 18 U.S.C. 3170 |

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION -- IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ■ INDICTMENT
☐ SUPERSEDING: Case No.

**OFFENSE CHARGED**

PLEASE SEE INDICTMENT

☐ Petty
☐ Minor
☐ Misdemeanor
■ Felony

Place of offense: **FRESNO AND MERCED CO.**

U.S.C. Citation: Please see Indictment

Name of District Court, and/or Judge/Magistrate Judge Location (City)
EDCA
**Fresno, CA**

**DEFENDANT -- U.S. vs.**
▶ **DENNIS FALASCHI**

Address: 1:22-cr-00103 JLT-SKO

Birth Date: 
☐ Male  ☐ Alien
☐ Female  (if applicable)
(Optional unless a juvenile)

**PROCEEDING**

Name of Complainant Agency, or Person (& Title, if any)
**DOI OIG Vincent Haecker/ IRS-CI Mark Silva**

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per FRCrP ☐ 20 ☐ 21 ☐ 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. Att'y  ☐ Defense

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate Judge regarding this defendant were recorded under

SHOW DOCKET NO.

MAGISTRATE JUDGE CASE NO.

**DEFENDANT**

**IS NOT IN CUSTODY**
1) ■ Has not been arrested, pending outcome of this proceeding
   If not detained, give date any prior summons was served on above charges ▶
2) ☐ Is a Fugitive
3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge
5) ☐ On another conviction
6) ☐ Awaiting trial on other charges  ☐ Fed'l ☒ State
   If answer to (6) is "Yes," show name of institution

Has detainer been filed?
☐ Yes  If "Yes," give date filed
■ No

DATE OF ARREST ▶    Mo.  Day  Year

Or . . . if Arresting Agency & Warrant were not Federal
DATE TRANSFERRED TO U.S. CUSTODY ⇨    Mo.  Day  Year

Name and Office of Person Furnishing Information on THIS FORM: **MELINA ORTIZ**
■ U.S. Att'y  ☐ Other U.S. Agency

Name of Asst. U.S. Att'y (if assigned): **JOSEPH D. BARTON**

✓ ■ FORFEITURE ALLEGATION

☐ This report amends AO 257 previously submitted

ADDITIONAL INFORMATION OR COMMENTS

Please Issue No Bail Warrant

## United States v. Dennis Falaschi
## Penalties for Indictment

### COUNT ONE:

VIOLATION:      18 U.S.C. § 371 - Conspiracy

PENALTIES:      Up to five years in prison
                $250,000 fine
                Three years of supervised release

### COUNT TWO:

VIOLATION:      18 U.S.C. § 641 – Theft of government property

PENALTIES:      Up to ten years in prison
                $250,000 fine
                Three years of supervised release

### COUNTS THREE THROUGH FIVE:

VIOLATION:      26 U.S.C. § 7206(1) – Filing a false tax return

PENALTIES:      Up to three years in prison
                $250,000 fine
                One year of supervised release

### FORFEITURE ALLEGATION:

As stated in the charging document